**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

CHARLES JAMES HESS                                                                          PLAINTIFF

V.                                          3:14CV00242 DPM/HDY

ARKANSAS COMMUNITY CORRECTIONS                                               DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

1

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Charles James Hess, a resident at the Northeast Arkansas Community Correction Center, filed a *pro se* complaint on October 17, 2014, naming Arkansas Community Corrections as the only Defendant.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, an Arkansas Community Corrections officer ordered him to submit to restraints, and Plaintiff told the officer that he didn't do anything. The officer allegedly became angry and threatened to "lay [Plaintiff] out" with the handcuffs. Because Plaintiff has failed to state a claim for relief, his complaint should be dismissed.

Plaintiff's complaint should be dismissed because the only Defendant named is an agency of the State of Arkansas, and a suit against it is therefore barred by the doctrine of sovereign immunity. Because "a state agency which is the sole creation of the state has no separate identity," it cannot be stripped of its official character. *Glick v. Henderson*, 855 F.2d 536, 540 (8th Cir. 1988). *See also Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997)(stating that it is well settled that the Eleventh Amendment bars § 1983 claims against the State of Arkansas and its agencies).

Additionally, even if Plaintiff were to substitute a Defendant who is not shielded by immunity, his complaint would still fail to state a claim. Plaintiff has alleged only that an officer threatened him when he did not immediately follow that officer's orders. Verbal insults or threats generally do not rise to the level of a constitutional violation. *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992). The only exception to this rule is when the verbal threat rises to the level

of a "wanton act of cruelty" so that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians." *Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir.1986). The threats described by Plaintiff are not sufficient to establish an exception to the general rule. Accordingly, Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  23  day of October, 2014.

UNITED STATES MAGISTRATE JUDGE